```
                   UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF CONNECTICUT

------------------------------x
                              :
GEOFFREY S. BERG              :      3:14CV01042(SALM)
                              :
v.                            :
                              :
CAROLYN W. COLVIN,            :      March 3, 2016
ACTING COMMISSIONER OF        :
SOCIAL SECURITY               :
                              :
------------------------------x
```

**RULING ON PLAINTIFF'S MOTION FOR AWARD OF FEES PURSUANT TO THE
EQUAL ACCESS TO JUSTICE ACT**

The plaintiff Geoffrey Berg ("plaintiff") filed an application for Disability Insurance Benefits ("DIB") on October 4, 2010, alleging disability beginning on November 1, 2007. (Certified Transcript of the Record, Compiled on November 3, 2014, (hereinafter "Tr.") 177). After a hearing before an Administrative Law Judge ("ALJ"), the ALJ denied the plaintiff benefits on July 7, 2011. See Tr. 174-225. Following the exhaustion of his administrative remedies, the plaintiff filed the Complaint in this case on July 23, 2014. [Doc. #1]. On December 2, 2014, the Commissioner filed her Answer and the official transcript. [Doc. #12]. On February 2, 2015, the plaintiff filed his Motion to Remand to Agency, together with a memorandum in support ("motion to remand"). [Docs. ##15, 16]. On April 3, 2015, the defendant filed her Motion to Affirm the Decision of the Commissioner, together with a memorandum in

1

support ("motion to affirm")[Doc. #18], to which the plaintiff filed a reply. [Doc. #20]. The parties consented to the jurisdiction of a United States Magistrate Judge on November 30, 2015. [Doc. #22].

On January 5, 2016, the undersigned issued a ruling granting the plaintiff's motion to remand and denying the defendant's motion to affirm. [Doc. #23]. The Court ordered that this matter be "remanded to the Commissioner for further proceedings consistent with this Ruling. On remand the Commissioner will address the other claims of error not discussed herein and the treatment records that post-date the ALJ's opinion that were provided to the Appeals Council." Id. at 24. Judgment was entered on January 6, 2016. [Doc. #24].

On February 12, 2016, the plaintiff filed a Joint Stipulation for Attorney's Fees under the Equal Access to Justice Act ("EAJA"), agreeing to an award of $7,600.00 in attorney fees and $400.00 in costs. [Doc. #25]. On February 16, 2016, the undersigned issued an Order requiring the plaintiff to provide a detailed accounting of his costs and fees in the matter so that the Court could determine "if the hours expended and rates charged are reasonable[.]" Hogan v. Astrue, 539 F. Supp. 2d 680, 682 (W.D.N.Y. 2008)(internal citations omitted). [Doc # 26]. On February 16, 2016, the plaintiff filed an itemization of time in support of the joint stipulation. [Doc. #

27]. The undersigned issued an additional Order the same day, requesting that the plaintiff provide the Court with an accounting of fees sought in compliance with the EAJA, including the number of hours claimed; a statement of whether the hours were incurred by an attorney, a paralegal or other employee; and the hourly rate applied. [Doc. #28]. In response, the plaintiff filed a motion for Attorney Fees under the EAJA, together with a brief in support, itemization of time, retainer agreement and proposed Order. [Doc. #29]. The plaintiff's motion seeks an award for attorney fees under the EAJA in the amount of $8,379.00, plus $400 in costs. Id.

Although the parties have reached an agreement as to the appropriate award of fees in this matter, the Court is obligated to review the fee application and determine whether the proposed fee award is reasonable. "[T]he determination of a reasonable fee under the EAJA is for the court rather than the parties by way of stipulation." Pribek v. Sec'y, Dep't of Health & Human Servs., 717 F. Supp. 73, 75 (W.D.N.Y. 1989) (internal citation and quotation marks omitted); see also Rogers v. Colvin, No. 4:13-945-TMC, 2014 WL 630907, at *1 (D.S.C. Feb. 18, 2014); Design & Prod., Inc. v. United States, 21 Cl. Ct. 145, 152 (1990) (holding that under the EAJA, "it is the court's responsibility to independently assess the appropriateness and measure of attorney's fees to be awarded in a particular case,

whether or not an amount is offered as representing the agreement of the parties in the form of a proposed stipulation"). The Court therefore has reviewed the plaintiff's application for fees to determine whether the stipulated amount is reasonable.

For the reasons set forth herein, the plaintiff's Motion for Award of Fees Pursuant to the Equal Access to Justice Act [Doc. #29] is GRANTED, in part, for the stipulated amount of **$7,600.00 in fees and $400.00 in costs for a total award of $8,000.00.**

## DISCUSSION

A party who prevails in a civil action against the United States may seek an award of fees and costs under the EAJA, 28 U.S.C. §2412, the purpose of which is "to eliminate for the average person the financial disincentive to challenging unreasonable government actions." Commissioner, I.N.S. v. Jean, 496 U.S. 154, 163 (1990) (footnote and citation omitted). In order for an award of attorney's fees to enter, this Court must find (1) that the plaintiff is a prevailing party, (2) that the Commissioner's position was without substantial justification, (3) that no special circumstances exist that would make an award unjust, and (4) that the fee petition was filed within thirty days of final judgment. See 28 U.S.C. §2412(d)(1)(B).

It is the plaintiff's burden to establish entitlement to a

fee award, and the Court has the discretion to determine what fee is "reasonable." Hensley v. Eckerhart, 461 U.S. 424, 433, 437 (1983) (interpreting 42 U.S.C. §1988, which allows a "prevailing party" to recover "a reasonable attorney's fee as part of the costs").[1] This Court has a duty to review the plaintiff's itemized time log to determine the reasonableness of the hours requested and to exclude hours "that are excessive, redundant, or otherwise unnecessary[.]" Id. at 434. "Determining a 'reasonable attorney's fee' is a matter that is committed to the sound discretion of a trial judge." J.O. v. Astrue, No. 3:11CV1768(DFM), 2014 WL 1031666, at *1 (D. Conn. Mar. 14, 2014) (quoting Perdue v. Kenny A., 559 U.S. 542, 558 (2010)).

In determining whether the amount of time billed is reasonable, "[g]enerally, district courts in this Circuit have held that a routine social security case requires from twenty to forty hours of attorney time." Hogan, 539 F. Supp. 2d at 682; see also Cobb v. Astrue, No. 3:08CV1130(MRK)(WIG), 2009 WL 2940205, at *3 (D. Conn. Sept. 2, 2009). "Relevant factors to weigh include the size of the administrative record, the complexity of the factual and legal issues involved, counsel's experience, and whether counsel represented the claimant during

---

[1] The "standards set forth in [Hensley] are generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party.'" Hensley, 461 U.S. at 433 n.7.

the administrative proceedings." Rodriguez v. Astrue, No. 3:08CV154(JCH)(HBF), 2009 WL 6319262, at *3 (D. Conn. Sept. 3, 2009), approved in relevant part, 3:08CV154(JCH), 2010 WL 1286895 (D. Conn. Mar. 29, 2010).

Here, the Court finds that the plaintiff has satisfied the requirements of 28 U.S.C. §2412(d)(1)(B), and that an award of fees may enter. Specifically, the Court finds absent objection, that: (1) the plaintiff is a prevailing party in light of the Court ordering a remand of this matter for further administrative proceedings; (2) the Commissioner's position was without substantial justification; (3) on the current record, no special circumstances exist that would make an award unjust; and (4) the fee petition was timely filed.[2] See 28 U.S.C. §2412(d)(1)(B). The Court next turns to the reasonableness of the fees sought.

In this case, the plaintiff's counsel seeks reimbursement for a total of 44.10 hours, at a rate of $190 per hour. [Doc. #29 at 1]. As noted above, however, the stipulated amount was $7,600, presumably at the same rate of $190 per hour, for a

---

[2] The plaintiff's motion is timely as he filed it within thirty days after the time to appeal the final judgment had expired. See Melkonyan v. Sullivan, 501 U.S. 89, 96 (1991) (holding "that a 'final judgment' for purposes of 28 U.S.C. §2412(d)(1)(B) means a judgment rendered by a court that terminates the civil action for which EAJA fees may be received. The 30-day EAJA clock begins to run after the time to appeal that 'final judgment' has expired.").

total of 40 hours. The transcript in this case was comprised of over 1,300 pages, and the plaintiff's counsel submitted a thorough and well-reasoned brief. Further, counsel did not represent the plaintiff during the administrative proceedings, and therefore had to familiarize himself with the record prior to briefing. See, e.g. Lechner v. Barnhart, 330 F. Supp. 2d 1005, 1012 (E.D. Wis. 2004); cf. Barbour v. Colvin, 993 F. Supp. 2d 284, 291 (E.D.N.Y. 2014).

Accordingly, the Court finds that the stipulated time of 40 hours is reasonable, particularly in light of the parties' stipulation, which adds weight to the claim that the fee award claimed is reasonable. Therefore, an award of $7,600 is appropriate. Plaintiff's Motion for Attorney Fees Under the Equal Access to Justice Act [Doc. #29] is **GRANTED,** in part, and the parties' Joint Stipulation [Doc. #25] is **SO ORDERED.**

Dated at New Haven, Connecticut, this 3rd day of March 2016.

                                                 /s/
                              Hon. Sarah A. L. Merriam
                              United States Magistrate Judge